■ JEFFTEX INTERNATIONAL LTD., Appellant, v JPI TRADING CORP. et al., Respondents. [909 NYS2d 363]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered September 8, 2009, to the extent dismissing the complaint with prejudice, and order, same court and J.H.O., entered February 25, 2010, which denied plaintiff's motion to vacate the judgment and direct dismissal of the action without prejudice, as stipulated, unanimously reversed, on the facts, without costs, and the action dismissed without prejudice. Appeal from order, same court and J.H.O., entered September 2, 2009, which dismissed the complaint with prejudice sua sponte for failure to prosecute, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The J.H.O.'s "authority to exercise all the powers of a Justice of th[e Supreme C]ourt" was recognized by stipulation between the parties on May 26, 2005. Subsequently, in September 2006, the parties stipulated to discontinue the action without prejudice.

The J.H.O. did have the authority to dismiss with prejudice, in light of the parties' unreadiness to proceed to trial and their

failure to enter their 2006 stipulation or have it read into the record prior to court action (see CPLR 3217 [a] [2]; *Bove v Cherney*, 252 AD2d 512 [1998]; *Matter of Michael T.*, 188 AD2d 1090 [1992]). However, plaintiff met its burden of demonstrating a reasonable excuse for its oversight in entering the stipulation of discontinuance and a meritorious cause of action based on the submitted invoices and guaranties, thus warranting vacatur of the dismissal with prejudice under CPLR 5015 (a), and dismissal instead without prejudice, as stipulated.

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Catterson, Renwick and Manzanet-Daniels, JJ.